MALLORY MANTIA, Plaintiff-Appellant, *v.* LARRY KAMINSKI, Defendant-Appellee.

First District (1st Division)    No. 79-1572

Opinion filed October 27, 1980.

Walter M. Ketchum and James R. Madler, both of Walter M. Ketchum, Ltd., of Chicago, for appellant.

Stanley J. Davidson, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Mallory Mantia brought an action against Larry Kaminski for damages for injuries sustained in an auto accident. The trial court directed a verdict in favor of Kaminski on count II of the complaint wherein Kaminski was charged with wilful and wanton conduct. The jury returned a verdict in favor of defendant on count I of the complaint. Plaintiff appeals.

On appeal Mantia contends that (1) she was denied the right to impeach a defense witness; (2) the trial court erred in refusing an instruction tendered by plaintiff; (3) she was prejudiced by defendant's failure to properly answer interrogatories; (4) the directed verdict was erroneous; and (5) the trial court erred in striking evidence of an action filed against defendant by a passenger in his car.

We affirm.

This action arose from the collision of vehicles driven by Mantia and Kaminski at the intersection of Ashland Avenue and Sauk Trail Road in South Chicago Heights, Illinois. Plaintiff was travelling north on Ashland Avenue. Traffic on Ashland at the intersection in question was controlled by a stop sign. Defendant was driving east on Sauk Trail Road where there were no traffic control signals. Both streets were two-lane roadways.

Mallory Mantia testified that she had stopped at the stop sign which was 15-20 feet from the intersection. She looked west and saw car lights three to four blocks away. As Mantia drove slowly to the intersection, the lights neared to 1½ blocks from the intersection. As she entered the intersection she heard a car horn, and was struck by defendant's vehicle.

Kaminski testified that he saw Mantia's car approximately four car lengths away as he entered the intersection. Mantia was travelling at a steady speed. When the vehicles collided, plaintiff had not yet crossed the center line of Sauk Trail Road. Kaminski's van spun upon impact and rolled over two or three times.

Debra Berg and Robert Sherick were passengers in Kaminski's van. Berg and Sherick testified that they first observed plaintiff's car as the van entered the intersection. Mantia's car was three to four car lengths away and neither witness saw Mantia's car stopped. Both Berg and Sherick estimated that Kaminski was travelling 30 miles per hour. Berg testified that the speed limit on Sauk Trail Road was 35 miles per hour. Further testimony revealed that Mantia was travelling between 30 and 40 miles per hour and that Sauk Trail Road is straight for approximately two to three blocks west of Ashland.

Mark Stewart and David Apking had passed defendant's van while driving in the opposite direction on Sauk Trail Road. They turned around to follow defendant and came upon the accident scene. Apking testified

that defendant was travelling 25 to 30 miles per hour and that the speed limit was 35. When he arrived at the intersection, he spoke with Mantia, who told him that she did not see the stop sign. Mark Stewart, called as a witness by plaintiff, estimated defendant's speed at 30 to 40 miles per hour. He further testified that the speed limit was 25.

First, Mantia argues that the trial court erred in refusing to allow impeachment of Debra Berg. Prior to testifying, Berg had reviewed a written statement transposed from a telephone conversation which she had with an insurance adjuster. Mantia sought to impeach the witness with the statement by reading parts of it. The trial court permitted plaintiff to question Berg regarding statements contrary to her trial testimony, but refused the request to read the statement because some portions were unintelligible.

We first note that Mantia was not prohibited entirely from impeaching the witness. Hence, the only issue is whether the trial court abused its discretion in limiting the scope of impeachment. Matters of impeachment are within the discretion of the trial court. *O'Brien v. Walker* (1977), 49 Ill. App. 3d 940, 364 N.E.2d 533; *Wenzell v. MTD Products, Inc.* (1975), 32 Ill. App. 3d 279, 336 N.E.2d 125.

■■ Here, parts of the statement read "n/a" which means not audible. In fact, "n/a" appears in the middle of sentences rendering them meaningless. Hence, the trial court did not abuse its discretion in limiting the manner in which the witness was to be impeached.

Secondly, Mantia contends that the jury was improperly instructed. The instruction objected to is as follows:

> "If a driver is involved in a collision at an intersection after driving past a stop, such collision shall be deemed *prima facie* evidence of the driver's failure to yield right of way."

Plaintiff alleges that the use of the phrase *"prima facie* evidence" was erroneous and resulted in reversible error.

■■ In *Hicks v. Hendricks* (1975), 33 Ill. App. 3d 486, 342 N.E.2d 144, the court held that the phrase should not be included in instructions because it is not easily understood by a jury and in essence directs a verdict on the issue of negligence. However, *Hicks* further states that the instruction does not peremptorily resolve a factual issue where the evidence as to when and where the accident occurred is uncontroverted and the jury is instructed to consider such fact with the other evidence. Here, there is no dispute as to where the accident occurred, and the jury was instructed to consider all of the evidence presented. Therefore, the use of the phrase *"prima facie* evidence" in the jury instructions, while error, is not reversible error.

Third, Mantia argues that she was unable to prepare for trial and thereby prejudiced by defendant's failure to fully and accurately answer

written interrogatories requesting the identity of persons present at the accident scene. Defendant did not name David Apking or Mark Stewart and admits to this fact in his brief.

■■ However, we find that plaintiff was not prejudiced by defendant's incomplete answers. Plaintiff knew that Apking and Stewart were at the accident scene. During a deposition, plaintiff specifically identified Apking as a person present at the scene. Plaintiff also knew Stewart, for she called him as her witness. A party cannot claim surprise or prejudice when he knows of the existence of a witness. See *Eckley v. St. Therese Hospital* (1978), 62 Ill. App. 3d 299, 379 N.E.2d 306.

Mantia fourthly contends that the trial court erred in directing a verdict in favor of defendant on count II of the complaint, which charged him with wilful and wanton conduct. She argues that the following evidence rendered the issue a jury question: (1) Mantia's testimony that defendant was travelling 70 miles per hour; (2) defendant's failure to reduce speed upon approaching the intersection; (3) evidence that defendant was exceeding the speed limit; and (4) the presence of two passengers in the front of the van who possibly obstructed defendant's view.

Wilful and wanton conduct has been defined as an intentional or reckless disregard for the safety of others. (*Kirschenbaum v. City of Chicago* (1976), 43 Ill. App. 3d 529, 357 N.E.2d 571; *Breslin v. Bates* (1973), 14 Ill. App. 3d 941, 303 N.E.2d 807.) In reviewing the trial court's directed verdict on this count, we must view all of the evidence most favorable to the nonmovant and decide whether it so overwhelmingly favors movant that no contrary verdict can stand. *Walling v. Lingelbach* (1976), 65 Ill. 2d 244, 357 N.E.2d 530; *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

■■ Here, several defense witnesses testified that defendant was travelling between 30 and 40 miles per hour. Although there is evidence indicating that the speed limit was 25 miles per hour, the fact that defendant may have been speeding is not indicative of wilful and wanton conduct. (*Hicks v. Hendricks* (1975), 33 Ill. App. 3d 486, 342 N.E.2d 144; *Breslin v. Bates* (1973), 14 Ill. App. 3d 941, 303 N.E.2d 807.) Kaminski's failure to reduce speed as he approached the intersection also does not support the charge of wilful and wanton conduct. A traveller on a preferential highway has a right to believe that another driver travelling on a road controlled by a stop sign will obey the stop sign and yield the right-of-way as required by law. (*Hale v. Cravens* (1970), 129 Ill. App. 2d 466, 263 N.E.2d 593.) Furthermore, the presence of the passengers in the van does not support a finding of wilful and wanton conduct. In fact there is no evidence showing that defendant's view of the road was obstructed

in any way. Upon considering all of the evidence including plaintiff's testimony that defendant was travelling 70 miles per hour, we find that it overwhelmingly favors defendant on count II of the complaint. Hence, the trial court properly directed a verdict in his favor.

■■ Finally, Mantia contends that the trial court erred in refusing to allow the use of a complaint to impeach a witness. During plaintiff's cross-examination of Robert Sherick, she sought to impeach his direct testimony that Kaminski was driving carefully with the allegations of negligence in a complaint. The complaint had been filed on behalf of Sherick, a minor, by his mother and charged both Kaminski and Mantia with negligence. The complaint was later withdrawn.

In *Anderson v. Anderson* (1963), 39 Ill. App. 2d 141, 187 N.E.2d 746, the court stated:

> "We need hardly digress with citations that the pleading of a party may be used against him. This is so for the simple reason that the pleading *is* the pleader's product, and hence any admissions therein are considered his. However, an infant's complaint, by definition, cannot be his product * * * . True, he *is* the plaintiff—the complaint *is* his, but it is not his in the sense that he had anything to do with it." (39 Ill. App. 2d 141, 143, 187 N.E.2d 746, 748.)

Because Sherick was a minor at the time the complaint was filed, the trial court properly denied the introduction of the complaint. Furthermore, Sherick had not signed the complaint. An unsigned complaint cannot be used to impeach a witness. *Allen v. City of Ottawa* (1980), 80 Ill. App. 3d 1032, 400 N.E.2d 629.

For the foregoing reasons, we affirm the judgments of the circuit court of Cook County.

Judgments affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.