DONACIANO CORRALES, Plaintiff-Appellee, v. AMERICAN CAB COMPANY, Defendant-Appellant.

First District (3rd Division) No. 87—2908

Opinion filed April 20, 1988.—Rehearing denied June 22, 1988.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Karl R. Fink, and Lloyd E. Williams, Jr., of counsel), for appellant.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Leslie J. Rosen, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

A jury found plaintiff Donaciano Corrales and defendant American Cab Company each to be guilty of 50% causative negligence in an action for personal injuries. Consequently, it awarded plaintiff $100,000 and reduced the award to $50,000. The trial court entered judgment on the verdict. Defendant appeals, contending that the verdict of 50% negligence is contrary to the manifest weight of the evi-

dence and that the trial court erred in precluding plaintiff's treating physician from testifying as a nonexpert witness.

At noon on July 23, 1982, plaintiff was walking across the intersection of Broadway and Montrose in Chicago, when defendant's agent, driving a taxicab, struck plaintiff. Plaintiff testified that he waited at the corner for about 10 seconds and when the traffic light turned green, he entered the crosswalk. He saw the taxicab while he stood at the curb, but was unsure of the cab's speed. He looked at the cab, but then turned and looked straight ahead as he walked across the street. He looked straight ahead because he had the "green light so that I could cross and he had the red light." He denied telling the police that he crossed against the light.

Plaintiff testified further that at the hospital he could not see well because everything looked foggy and his eyes were moving around. He testified that upon discharge he still could not see well. He never noticed this problem prior to the accident. He denied not complaining about the vision problems at the hospital. He also denied that his eye problem was the same as it was before the accident.

Dr. Fournier, an ophthalmologist, testified for plaintiff regarding his eye injury. He diagnosed a cerebral concussion, laceration to the right eyebrow, nystagmus mobility disorder of the eyes, traumatic posterior vitreous detachment and vitreous hemorrhage related to the trauma, and multisystem injuries. Dr. Fornier believed the nystagmus was congenital, but aggravated by a cerebral concussion as a result of the accident. He concluded that the nystagmus was mild prior to the accident because it had not been noticeable to lay people. Dr. Fournier was questioned about plaintiff's denials, made at the hospital emergency room, of any visual complaints. The hospital record read, "Denies loss of consciousness, nausea vomiting, visual/hearing disturbances." Dr. Fournier stated "That's what it says, but I don't know if that's what it means." He explained: "I don't think that you can make that conclusion by looking at this. You can say that he denies loss of consciousness. However, without knowing what was in the mind of Dr. Garcia, the way the sentence is punctuated, we don't know whether that ["denies"] carries over to the nausea and vomiting, visual and hearing disturbances. I think we're making an assumption in interpreting that sentence."

Roger Dickens, plaintiff's employer, testified that he never noticed plaintiff's eyes shaking and wandering prior to the accident.

Mohammed Sadeghian, a cab driver for defendant, testified that he was driving 25 miles per hour and had the green light when he entered the intersection. The light was never yellow or red. Plaintiff ran

into the street, crossing at an angle and eight feet away from the crosswalk. Sadeghian immediately applied his brakes, but was unable to avoid striking plaintiff.

Barbara Ham, a passenger in the cab, testified for defendant that Sadeghian was driving about 25 miles per hour, and the traffic light was green as he approached the intersection. Plaintiff was looking straight ahead and ran into the street.

Julius Bronstein, the investigating police officer, testified for defendant that he interviewed plaintiff at the hospital, where plaintiff said he had the green light. His report, however, states that the pedestrian said "he went against the red light." At trial, the officer stated: "He said he didn't have the green light—excuse me, I'll retract that statement, he didn't have the red light." The court would not allow the testimony to be corrected, and an offer of proof was made. "At the Weiss Hospital, in the emergency room, he was on the table. I asked him. 'Did you go against the light?' He said, 'Yes, I did go against the light.' "

Defendant attempted to call Dr. Jose Velasco, the attending physician on call in the emergency room when plaintiff was treated. The trial court ruled that his testimony would be barred because of defendant's failure to respond to a Supreme Court Rule 237 (107 Ill. 2d R. 237) request from plaintiff and because of a pretrial order excluding all undisclosed experts pursuant to Supreme Court Rule 220.

In an offer of proof, Dr. Velasco testified that on the night plaintiff was treated, he was the attending physician on call, and his team treated plaintiff. Dr. Velasco reviewed the emergency room records and stated that "[i]n the history taken by one of my residents, he specifically writes down, 'denies any visual or hearing disturbances.' " Throughout his hospitalization, plaintiff never complained of vision problems.

Defendant first contends that the jury verdict finding both parties to be 50% at fault is contrary to the manifest weight of the evidence because, regardless of which party had the red light, their relative culpability could not be equal. Defendant argues that a finding of "green for plaintiff and red for defendant" leaves no room for a jury determination that each party was 50% at fault. Similarly, a finding of "red for plaintiff and green—or even beginning yellow—for defendant" permits no decision that each party was 50% at fault. In view of our disposition of the second issue raised on appeal, however, we need not address this issue.

Defendant contends that the trial court erred in precluding defendant from calling Dr. Velasco as a witness. Prior to trial, plain-

tiff disclosed Dr. Velasco as a consulting physician in response to an interrogatory. At trial, defendant sought to introduce Dr. Velasco's testimony to explain notations on the emergency room records after Dr. Fournier testified that he was uncertain what these notations meant. Plaintiff objected on the ground that a pretrial order limited the parties to calling only disclosed experts. Plaintiff also relied on the fact that defendant had never responded to plaintiff's pretrial request, made pursuant to Supreme Court Rule 237, to disclose any occurrence witnesses.

■ The trial court barred the testimony on the basis of both objections made by plaintiff. Plaintiff now concedes that Dr. Velasco was not presented as an expert witness, and thus Rule 220 is not applicable. (107 Ill. 2d R. 220.) Furthermore, plaintiff concedes that defendant was not required to disclose Dr. Velasco, a treating physician, as an occurrence witness pursuant to Rule 237 (107 Ill. 2d R. 237).

Plaintiff relies, therefore, on an argument raised for the first time on appeal. Plaintiff points to an order *in limine* which bars the parties from calling witnesses who had not been previously disclosed. Dr. Velasco's identity and function were disclosed to defendant by plaintiff, and thus plaintiff cannot claim surprise or prejudice. (See *Waterford v. Halloway* (1986), 142 Ill. App. 3d 668, 491 N.E.2d 1199; *Mantia v. Kaminski* (1980), 89 Ill. App. 3d 932, 412 N.E.2d 651.) The *in limine* order does not bar Dr. Velasco's testimony.

■ Plaintiff also asserts that Dr. Velasco's testimony was impermissible hearsay because he had no independent recollection of treating plaintiff, and the hospital records did not refresh his recollection. Dr. Velasco testified that the records refreshed his recollection. The extent to which the records refreshed his memory merely goes to the weight, not the admissibility of his testimony. See *Country Casualty Insurance Co. v. Wilson* (1986), 144 Ill. App. 3d 28, 494 N.E.2d 152.

■ A key element of plaintiff's action concerned the visual disorder which the accident allegedly caused or aggravated. Other than the nystagmus condition, plaintiff had fully recovered from the accident. Dr. Fournier testified that the word "denies," found in the emergency room notation, might not apply to the phrase "visual/hearing disturbances." If plaintiff did in fact deny visual disturbances, the jury could infer that he suffered no aggravation to his congenital nystagmus condition. Consequently, Dr. Velasco's testimony that the word "denies" applied to the phrase "visual/hearing disturbances," might have offered the jury strong evidence that plaintiff suffered no eye injury as a result of the accident. Thus, in this closely balanced case where credibility was crucial, the trial court's erroneous decision to

bar Dr. Velasco's testimony severely prejudiced defendant and requires us to remand for a new trial.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

WHITE, P.J., and FREEMAN, J., concur.