No. 2--03--0668

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE      ) Appeal from the Circuit Court

OF ILLINOIS,      ) of Du Page County.

      )

Plaintiff-Appellee,        )

      )

v.      ) No. 02--CF--994

      )

STEVEN M. CANTLIN,        ) Honorable

      ) Michael J. Burke, 

Defendant-Appellant.        ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Following a jury trial, defendant, Steven M. Cantlin, was convicted of 
driving under the influence of alcohol (625 ILCS 5/11--501(a)(2) (West 2002)).  Defendant appeals, contending that (1) the trial court improperly allowed the State to introduce evidence of an open bottle of vodka found in defendant's car; (2) he was deprived of due process because the State destroyed the bottle before trial; and (3) he was not proved guilty beyond a reasonable doubt because the arresting officer testified, not from his personal recollection, but solely from reading his report.  We affirm.

The evidence at trial revealed the following.  State trooper Brian Suits testified that on December 12, 2001, he was patrolling Interstate 88.  Shortly after midnight, he saw defendant's car briefly cross the lane marking about five times.  He pulled defendant over.  Suits noticed that defendant had a strong odor of alcohol on his breath, bloodshot and glassy eyes, and slurred speech.  Suits had defendant perform field sobriety tests which, in Suits's opinion, defendant failed.  Suits therefore arrested defendant for driving under the influence of alcohol.  At the police station, defendant refused a breathalyzer test.

Sergeant Robert Meeder testified that he conducted an inventory search of defendant's car.  Under a blanket behind the passenger's seat, he found a bottle of Gordon's vodka with the seal broken.  Based on his personal and professional experience, he concluded that the bottle in fact contained vodka.  He later disposed of the bottle.  Due to the amount of open alcohol containers that the State police confiscate, policy calls for such containers to be destroyed rather than preserved as evidence.

After the State rested, defendant moved for a directed verdict.  The trial court denied the motion.  Scott Buxten then testified that he was with defendant that evening.  Defendant drank three beers during that time but did not appear to be impaired.  Defendant also testified that he had three drinks that evening but was not feeling any effects from them.  He testified that the bottle of vodka in the backseat was from a camping trip two weeks earlier.  He had not drunk from the bottle shortly before his arrest.

The jury found defendant guilty.  The trial court sentenced him to 24 months' probation including 120 days of periodic imprisonment.  After the court denied defendant's posttrial motion, he timely appealed.

Defendant raises two issues related to the vodka bottle found in his backseat.  He first contends that the trial court improperly admitted evidence of the bottle because it was improper "other crimes" evidence.  He asserts that the bottle established that he committed another crime, illegal transportation of alcohol (625 ILCS 5/11--202(a) (West 2002)), and was offered merely to establish his propensity to commit alcohol-related crimes.

Generally, evidence that a defendant committed other crimes is inadmissible merely to establish a defendant's propensity to commit crimes.  
People v. Manning
, 182 Ill. 2d 193, 213 (1998).  Other-crimes evidence may be admissible for other purposes, such as proving 
modus operandi
, identity, motive, or intent.  
People v. Donoho
, 204 Ill. 2d 159, 170 (2003).  The admission or exclusion of evidence is within the trial court's discretion and its decision will not be overturned absent an abuse of that discretion.  
People v. Peeples
, 155 Ill. 2d 422, 456 (1993).

We agree with the State that the evidence was introduced, not to prove that defendant previously committed some unrelated crime, but as circumstantial evidence that he committed the crime for which he was on trial.  Evidence is relevant if it tends to make the existence of any fact of consequence in the action more or less probable than it would be without the evidence.  
People v. Hope
, 168 Ill. 2d 1, 23 (1995).  To convict defendant of driving under the influence of alcohol, the State had to prove that defendant was intoxicated and, therefore, had recently been drinking.  See 
People v. Rhoden
, 253 Ill. App. 3d 805, 809 (1993).  Evidence that an open alcohol container was found in a defendant's car is circumstantial evidence that the defendant had been drinking.  See 
People v. Moore
, 279 Ill. App. 3d 152, 159-60 (1996); 
People v. Kappas
, 120 Ill. App. 3d 123, 128 (1983).  Accordingly, evidence that an open bottle of vodka was found in the passenger compartment of defendant's car was relevant to prove that he recently had been drinking.  Moreover, evidence that is admissible to prove that a defendant committed the crime for which he is on trial need not be excluded merely because it tends to prove that the defendant contemporaneously committed some other crime with which he is not charged.  
People v. Ostrand
, 35 Ill. 2d 520, 530 (1966), 
overruled in part on other grounds
, 
People v. Bracey
, 51 Ill. 2d 514, 519 (1972).

 Defendant also contends that he was denied due process because the State did not preserve the vodka bottle.  In 
People v. Newberry
, 166 Ill. 2d 310 (1995), the supreme court clarified the circumstances under which the State is obligated to preserve evidence in a criminal prosecution.  There
, the defendant was charged with possessing a controlled substance.  The State inadvertently destroyed the substance before trial and after the defendant had specifically requested that it be preserved.  The supreme court held that the defendant's due process rights were violated because he was deprived of the opportunity to have the substance independently tested.  
Newberry
, 166 Ill. 2d at 315.

In reaching this conclusion, the court distinguished 
Arizona v. Youngblood
, 488 U.S. 51, 102 L. Ed. 2d 281, 109 S. Ct. 333 (1988), where
 the defendant was not deprived of due process because "no more could be said of the evidence 'than that it could have been subjected to tests, the results of which might have exonerated the defendant.' "  
Newberry
, 166 Ill. 2d at 314-15, quoting 
Youngblood
, 488 U.S. at 57, 102 L. Ed. 2d at 289, 109 S. Ct. at 337. 
 Further, the court observed that "police do not have 'an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution.' "  
Newberry
, 166 Ill. 2d at 315, quoting 
Youngblood
, 488 U.S. at 58, 102 L. Ed. 2d at 289, 109 S. Ct. at 337.  Where the evidence is only " 'potentially useful,' " failing to preserve it does not violate due process unless the police acted in bad faith.  
Newberry
, 166 Ill. 2d at 315, quoting 
Youngblood
, 488 U.S. at 58, 102 L. Ed. 2d at 289, 109 S. Ct. at 337.

Here, there can be no question that the police acted in good faith.  The unrebutted testimony was that the evidence was destroyed pursuant to a policy that, because of the volume of open alcohol seized by the State police, small amounts of open alcohol were not retained in evidence.

Moreover, it is not clear that the evidence was even "potentially useful."  Defendant was not charged with an open-alcohol violation.  Thus, even if the substance had been tested and found not to be alcohol, it would not have exonerated defendant.  It would, at most, have neutralized one piece of circumstantial evidence against him.  Therefore, the State was under no obligation to preserve the vodka bottle for potential use by the defense.

Defendant's final contention is that he was not proved guilty beyond a reasonable doubt.  He asserts that the State did not lay the proper foundation for refreshing Suits's recollection.  He also argues that Suits testified only from reading his report rather than from his independent recollection of the incident. 

Initially, we note that defendant did not contemporaneously object to Suits's testimony on these bases.  He therefore has waived these contentions.  See 
People v. Enoch
, 
122 Ill. 2d 176, 186-88 (1988). 
 The waiver is particularly significant here, because had defendant objected at the time, the prosecutor might well have been able to provide the missing foundation or to further clarify the issue of Suits's reliance on his report. 

Even if we were to consider the merits, however, we would find defendant's contentions without merit.  Defendant quotes extensive portions of Suits's testimony in which he stated that he had limited recollection of, or could not "visualize," the events leading to defendant's arrest.  At one point, when asked if he had an independent recollection of the field sobriety tests or was testifying from his reports, he stated, "Most of just from my reports."  However, in response to a followup question, he stated, "I have a little bit of recollection of it, yes."  Defendant then quotes the following portion of Suits's testimony on redirect examination:

"Q.  You did take a report correct of that this [
sic
] incident took place.

A.  Correct.

Q.  And you [
sic
] when did you write that report?

A.  The day off that morning.

Q.  Was the incident fresh in your mind when you wrote this report?

A.  Yes, it was.

Q.  And since that time obviously this 2001 you've had some other arrests since then, correct?

A.  Right.

Q.  And is it difficult for you after reviewing the report to refresh your memory?

* * *

A.  After I do read the report it does refresh my memory, yes."

Defendant argues that the State did not lay the proper foundation for either present recollection refreshed or past recollection recorded.  However, the State was not required to do so because Suits never refreshed his recollection while testifying, and never testified that his recollection was exhausted.

A document may be used to refresh a witness's recollection while testifying.  
People v. Shatner
, 174 Ill. 2d 133, 153 (1996); M. Graham, Cleary & Graham's Handbook of Illinois Evidence §612.1 at 563 (7th ed. 1999) (hereafter Graham).  However, "it is fundamental that a witness' memory can be refreshed only after it has been established that the witness has no memory concerning the facts in question."  
Shatner
, 174 Ill. 2d at 153.  If a witness lacks independent recollection of the occurrence about which he is testifying and a record or memorandum fails to refresh his current recollection, the document itself may be admissible as a recorded recollection if certain foundational requirements are met.  Graham, §803.9 at 813.  Here, the State did not have to do either because Suits never testified that his memory was exhausted.  Throughout defense counsel's lengthy cross-examination, he consistently maintained that he had at least some independent recollection of the incident.  Thus, there was no need to refresh his memory.

Defendant also appears to contend that Suits's testimony was based on his reading of the report rather than his independent recollection.  A fair inference from the above-quoted colloquy is that Suits refreshed his recollection from his report before testifying.  This in itself was not improper.  A witness may refer to documents to refresh his recollection prior to taking the stand.  Graham, §612.1 at 564.  However, the witness must then testify from his independent recollection.  
People v. Griswold
, 405 Ill. 533, 541-42 (1950).  The extent to which the documents actually refreshed the witness's recollection goes to the weight, not the admissibility, of his testimony.  
Corrales v. American Cab Co.
, 170 Ill. App. 3d 907, 911 (1988); Graham, §612.1 at 564.

Defendant suggests that, in denying his motion for a directed verdict, the trial court erred in concluding that Suits was "rehabilitated somewhat" during redirect examination.  As noted, Suits testified consistently to having at least some independent recollection of the incident.  On redirect, he stated, "After I do read the report it does refresh my memory, yes."  In ruling on a motion for a directed verdict, the court must view the evidence in the light most favorable to the State and decide whether the evidence so viewed 
fails to establish defendant's guilt beyond a 
reasonable doubt.  
People v. Turner
, 127 Ill. App. 3d 784, 790 (1984).  
Because the trial court had to consider the evidence in the light most favorable to the State, and because the issue of Suits's reliance on his report affected only the weight of the evidence, the trial court properly considered that evidence in ruling on the motion did not err in denying it.

Finally, we reject any suggestion that the State did not present sufficient evidence to prove defendant's guilt beyond a reasonable doubt.  Where the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 261 (1985).

Defendant's argument is based on the premise that Suits's testimony was based solely on his report and should have been disregarded.  We have already rejected this contention.  When Suits's testimony is considered in conjunction with the other evidence, there was ample  proof that defendant  drove under the influence of alcohol.  Suits testified that he saw defendant driving erratically.  See 
Kappas
, 120 Ill. App. 3d at 128 (evidence that the defendant was weaving out of his lane was relevant to show that he was driving under the influence).  After effecting a traffic stop, the trooper noticed that defendant had a strong odor of alcohol on his breath, bloodshot and glassy eyes, and slurred speech.  He failed field sobriety tests.  Later, he refused a breathalyzer test.  See 
People v. Thomas
, 200 Ill. App. 3d 268, 282 (1990) (refusal to take breath test is evidence of consciousness of guilt).  An open bottle of alcohol was found in defendant's car.  Defendant admitted that he had been drinking that evening, although he denied being impaired by it.  There was sufficient evidence for the jury to find beyond a reasonable doubt that defendant drove under the influence of alcohol.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and GROMETER, JJ., concur.