No. 2-08-0572    Filed: 4-16-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 05--CM--165 05--DT--31 |
| SAMUEL W. McPEAK, | ) ) | Honorable Charles T. Beckman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

Samuel W. McPeak appeals his conviction of driving under the influence of cannabis (DUI) under section 11--501(a)(6) of the Illinois Vehicle Code (625 ILCS 5/11--501(a)(6) (West 2004)), contending that there was insufficient evidence to convict him, because there was no evidence of the presence of cannabis "in [his] breath, blood, or urine" as required by that section. We agree that there was a lack of evidence that there was cannabis in McPeak's breath, blood, or urine when he was driving. Accordingly, we reverse.

I. BACKGROUND

In 2005, McPeak was charged with DUI and possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2004)) in connection with a traffic stop. McPeak moved to quash the arrest and to suppress evidence.

At the hearing on the motion, Officer Steve Howell testified that, on March 6, 2005, he stopped McPeak because McPeak was not wearing a seat belt. Howell took McPeak's driver's license and proof of insurance back to his squad car and learned that there was an active arrest warrant for McPeak in another county. However, "geo limits" prevented Howell from arresting McPeak on the warrant.

Howell returned to McPeak's vehicle and told him to get out to receive a citation for the seat belt violation. When McPeak exited the vehicle, Howell noticed the odor of cannabis. Howell gave McPeak the citation to sign and, as McPeak was doing so, Howell walked around the truck. After doing so, Howell determined that the odor of cannabis came from "[McPeak's] person."

Howell asked McPeak if he had been smoking cannabis, and McPeak stated that he had done so within the last hour or two. McPeak said that he had taken two hits out of a "hit pipe," which is a common name for a pipe used to smoke cannabis. Based on McPeak's response, Howell arrested him for DUI.

The trial court denied the motion, and McPeak was convicted after a stipulated bench trial. During the proceedings, McPeak's counsel stated that the evidence would be sufficient to convict McPeak. McPeak appealed, contending in part that the stipulated facts were insufficient to convict him and that he had not been properly admonished under Supreme Court Rule 402 (177 Ill. 2d R. 402) when the stipulated trial was akin to a guilty plea. We did not address the sufficiency of the evidence. Instead, we reversed and remanded because McPeak was not admonished under Rule 402. People v. McPeak, No. 2--05--0944 (2007) (unpublished order under Supreme Court Rule 23).

On remand, McPeak asked the trial court to reconsider its order denying the motion to quash and suppress, in order to preserve the issue for appeal. The court denied the motion, and a new

bench trial was held on stipulated facts. Those facts included that Howell smelled burnt cannabis "about Mr. McPeak's person" and that McPeak admitted that "about an hour ago" he had "taken two hits out of a hitter box." McPeak also stipulated that, after he was arrested, Howell located in the vehicle a smoking pipe that contained a burnt substance that smelled like cannabis and that later field-tested positive for cannabis. McPeak did not stipulate that the evidence was sufficient to convict him. The court found McPeak guilty and sentenced him to 18 months of court supervision and assessed various fines, fees, and costs. He timely appeals.

## II. ANALYSIS

McPeak contends that the evidence was insufficient to convict him of DUI, because there was no evidence of the presence of cannabis in his breath, blood, or urine as required by section 11--501(a)(6). Applying cases involving driving under the influence of alcohol, the State contends that there was sufficient circumstantial evidence to support the conviction.

When we review a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) People v. Collins, 106 Ill. 2d 237, 261 (1985), quoting Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). A criminal conviction may be based on circumstantial evidence, as long as it satisfies proof beyond a reasonable doubt of the charged offense. People v. Hall, 194 Ill. 2d 305, 330 (2000). Circumstantial evidence is "proof of facts and circumstances from which the trier of fact may infer other connected facts which reasonably and usually follow according to common experience." People v. Stokes, 95 Ill. App. 3d 62, 68 (1981). Here, to prove all of the elements of the offense charged, the State needed to prove beyond a

reasonable doubt that McPeak had cannabis in his breath, blood, or urine when he was driving. 625 ILCS 5/11--501(a)(6) (West 2004); People v. Allen, 375 Ill. App. 3d 810, 816 (2007).

Two cases are helpful when considering McPeak's argument. In Allen, the defendant was arrested under section 11--501(a)(6) after the arresting officer noticed an odor of burnt cannabis on the defendant's breath and the defendant's pupils seemed dilated. However, the officer was precluded from testifying that he believed the dilated pupils meant that the defendant had consumed cannabis. The defendant told the officer that he had smoked cannabis the night before. There was nothing unusual about how the defendant walked, his speech was clear, and there was no drug paraphernalia or residue located inside the defendant's vehicle. The defendant was convicted of DUI, and the Third District reversed based on insufficient evidence, stating:

"The statute does not criminalize having breath that smells like burnt cannabis. Furthermore, even though the trial court found the officer's testimony credible regarding defendant's admission of smoking cannabis the night before his arrest, the State put on no evidence that there would have been 'any amount' of the illegal drug in defendant's breath, urine, or blood at the time of defendant's arrest as a result of smoking cannabis the night before." Allen, 375 Ill. App. 3d at 816.

In comparison, in People v. Briseno, 343 Ill. App. 3d 953, 956 (2003), also involving section 11--501(a)(6), the defendant told the arresting officer that he smoked cannabis "in his vehicle, just before driving it." The officer smelled cannabis on the defendant's breath, the defendant's motor skills were slower than average, and the defendant had trouble performing field sobriety tests. Under those circumstances, the First District determined that there was sufficient evidence of DUI. Briseno, 343 Ill. App. 3d at 962.

Unlike in Briseno, where the defendant's admission was that he smoked cannabis "in his vehicle" and "just before driving," where an odor of cannabis was on the defendant's breath, and where the defendant showed signs of impairment, here there was a lack of evidence that McPeak had cannabis in his breath, blood, or urine when he was driving. Briseno, 343 Ill. App. 3d at 956. McPeak admitted to smoking "two hits" of cannabis "about an hour ago" but there was no evidence whether consuming that amount of cannabis would result in any cannabis being left in his breath, blood, or urine an hour later. Also, there was no evidence that McPeak was impaired and no evidence of any odor of cannabis on McPeak's breath, as opposed to his "person."

We agree with Allen to the extent it holds that such circumstances are too tenuous to show that there was cannabis in the defendant's breath, blood, or urine. We believe that evidence of the odor of cannabis on the breath of a defendant could provide circumstantial evidence that the defendant has cannabis in his breath. In any event, in McPeak's case there was no such evidence. The evidence was that Howell smelled burnt cannabis about McPeak's person, something that does not address whether McPeak had cannabis in his breath, blood, or urine at that time. Thus, based on the lack of evidence that there was cannabis in McPeak's breath, blood, or urine when he was driving, we reverse.

Citing to cases involving open containers of alcohol found in vehicles, the State argues that the presence of drug paraphernalia was an adequate distinction from the facts in Allen and was sufficient circumstantial evidence that McPeak had drugs in his system while he was driving. But each of those cases involved additional factual circumstances to support a strong inference that the defendant was driving while under the influence of alcohol, including evidence of impairment and the odor of alcohol on the defendant's breath. See People v. Weathersby, 383 Ill. App. 3d 226, 229-

30 (2008) (defendant admitted that he " 'had a few' " drinks, emitted an odor of alcohol on his breath, had glassy eyes and thick-tongued speech, refused to take a Breathalyzer test, and had an open bottle of alcohol in the vehicle); People v. Cantlin, 348 Ill. App. 3d 998, 999 (2004) (defendant failed field sobriety tests, had a strong odor of alcohol on his breath, bloodshot and glassy eyes, and slurred speech, and had an open bottle of alcohol in the vehicle). As those cases illustrate, evidence of the presence of open alcohol (or, here, drug paraphernalia) may be circumstantial evidence that the defendant has recently consumed the substance at issue. See generally Cantlin, 348 Ill. App. 3d at 1000. But here, there is no dispute that McPeak consumed cannabis about an hour before the stop. Instead, the issue is whether there was sufficient evidence that any of that cannabis remained in his breath, blood, or urine when he drove. Unlike each case cited by the State, which provided additional evidence of the presence of alcohol in the defendant's body while he was driving, notably evidence of impairment and the odor of alcohol on the defendant's breath, here the State provided no evidence that cannabis remained in McPeak's breath, blood, or urine while he was driving.

### III. CONCLUSION

There was insufficient evidence that McPeak had cannabis in his breath, blood, or urine when he was driving. Accordingly, the judgment of the circuit court of Lee County is reversed.

Reversed.

O'MALLEY and BURKE, JJ., concur.