# Illinois Official Reports

## Appellate Court

---

### *In re Estate of Frakes*, 2020 IL App (3d) 180649

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF WALTER DEAN FRAKES, Deceased (Walter Doyle Frakes, Executor, Petitioner-Appellee, v. Emily A. Thieme, Abigail C. Schneider, and William H. Thieme, Respondents-Appellants). |
| District & No. | Third District<br>No. 3-18-0649 |
| Filed | January 29, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 17-P-116; the Hon. Kirk D. Schoenbein, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Nicholas P. Hoeft, of Jostock & Jostock, P.C., of Chicago, for appellants.<br><br>Christopher J. Spanos, of Westervelt, Johnson, Nicoll & Keller, LLC, of Peoria, for appellee. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Holdridge and O'Brien concurred in the judgment and opinion.


**OPINION**

¶ 1     Petitioner, Walter Doyle Frakes, filed to have a conformed copy of decedent's will admitted to probate. Respondents, Emily A. Thieme, Abigail C. Schneider, and William H. Thieme, filed a motion for summary judgment, asking that the will be denied admission to probate. Petitioner filed a cross-motion for summary judgment. The trial court ruled in favor of petitioner, admitting the will to probate. Respondents appeal.

¶ 2                            I. BACKGROUND

¶ 3     Decedent executed the currently disputed version of his last will and testament on October 31, 2011. Attorney Jack Boos prepared the will and witnessed its execution along with his employee, Laurie Rollet, at decedent's place of business. Boos and Rollet then departed from decedent's office, leaving the original will behind. Boos created a conformed copy of the October 2011 will for his records once he returned to his office, but no copies of the executed will were made. Per the terms of the conformed copy, the October 2011 will revoked all prior wills.

¶ 4     In May 2013, decedent reported a burglary at his home to the local police department. Officer Sean Kozak of the Washington Police Department responded. Decedent informed Kozak that multiple items had been stolen from his safe. Among the contents reported stolen were $50,000 in cash, the deed to decedent's home, the title to his vehicle, three gold bracelets, two gold necklaces, and "his will." Decedent later contacted Kozak to amend the dollar amount of cash stolen to $80,000. Kozak believed that when the decedent told him that "his will" was stolen, he was referring to his current will. Kozak submitted to an evidence deposition in relation to this case. Kozak stated that in preparation for the deposition, he reviewed the report of the incident that he recorded the day of the incident. Kozak did not have any independent recollection of the incident prior to reviewing the report he had prepared.

¶ 5     Decedent passed away approximately four years later, on March 12, 2017. Petitioner filed the instant action to have a conformed copy of the will admitted to probate the following April. Petitioner then amended the pleadings in June and November of the same year.

¶ 6     Respondents filed a motion for summary judgment seeking to prevent the will from being admitted to probate. Respondents never requested the trial court hold an evidentiary hearing. Petitioner responded and filed a cross-motion for summary judgment seeking to admit the will to probate. Petitioner attached to his motion Kozak's evidence deposition, as well as affidavits from Boos and Rollet. Boos and Rollet both attested to being present when the will was signed, that the conformed copy of the will was an exact copy of the document they witnessed decedent execute, and that decedent was of sound mind when he executed the will.

¶ 7     Petitioner submitted an additional affidavit of Boos to the court. Boos attested that he was the long-time attorney of the decedent and remained his attorney until decedent's passing.

During this time, he drafted at least three versions of decedent's last will and testament. Further, since the October 2011 will was executed at decedent's place of business, no copy was made. However, Boos returned to his office and conformed a copy of the will, by hand, to be consistent with the executed version. Boos stated the conformed version was attached to the amended petition and that decedent did not have him prepare another will after October 31, 2011.

¶ 8 The trial court heard oral arguments on the cross-motions. The gravamen of respondents' argument was that the presumption of revocation associated with lost wills applied in this case, and even if decedent's will had been stolen, he had acquiesced to what amounted to revocation by theft because of the four-year lapse in time between the theft and his passing. Respondents also argued that there was a genuine issue of material fact regarding whether the will stolen from the safe was decedent's operative will. Moreover, there was a brief argument regarding whether Kozak's statements made during the evidence deposition satisfied a hearsay exception. Petitioner argued the presumption of revocation should not apply, and even if it did, the court had been provided sufficient evidence to overcome that presumption.

¶ 9 The court took the matter under advisement and subsequently issued a memorandum of decision granting the petitioner's motion for summary judgment. The court found, in pertinent part, that the "following facts are not contested or disputed by contrary factual assertions as opposed to argument or speculation": (1) prior to the May 2013 theft, decedent never revoked the October 2011 will by any of the prescribed, statutory methods of revocation, and never executed another will; (2) decedent never executed another will after the theft of "his will"; (3) the conformed copy produced by petitioner is an accurate copy of the October 2011 will and is the only evidence of the will's content; and (4) prior to the burglary in May 2013, decedent never reported the October 2011 will lost or stolen.

¶ 10 The court ruled that decedent's reference to "his will" when describing items stolen from his safe to police compelled the inference that decedent was referring to his October 2011 will, especially in the absence of contradicting evidence. The possibilities advanced by respondents were mere conjecture and were not properly considered when ruling on a motion for summary judgment. The court found that decedent's statements to police fell into an exception to hearsay promulgated by Illinois Rule of Evidence 803(3)(A) (eff. Apr. 26, 2012). The court also agreed with petitioner that the presumption of revocation should not apply to stolen wills and, even if it did, the uncontested facts established that there was no genuine issue of material fact that decedent did not destroy his will.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 On appeal, respondents advance three main arguments. Respondents' main contentions are (1) summary judgment was not proper due to the existence of genuine issues of material fact, (2) statements in Kozak's evidence deposition are barred by the rules against hearsay, and (3) the trial court failed to properly apply the presumption of revocation pertaining to lost and missing wills. Petitioner insists the lower court did not err and requests we affirm its judgment.

¶ 14                                 A. Summary Judgment

¶ 15    Respondents first contend that the trial court erred in granting summary judgment and, instead, an evidentiary hearing should have been held. Respondents argue that the trial court's factual findings are in contravention of well-established Illinois law: that when viewed in the light most favorable to the nonmovant, the factual findings are unsupported. Petitioner argues that respondents merely rely on unsupported speculation, opinions, and conclusions in an attempt to raise a genuine issue of material fact.

¶ 16    The purpose of summary judgment is not to try a question of fact but to determine if one exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). In reviewing a motion for summary judgment, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the nonmoving party to determine whether a genuine issue of material fact exists. *Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 41 (Kilbride, J., dissenting). Unsupported conclusions, opinions, or speculation are insufficient to raise a genuine issue of material fact. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 132 (1992); *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.*, 70 Ill. App. 3d 296, 300 (1979).

¶ 17    When examining a grant of summary judgment, this court considers anew the facts and law related to the case to discern whether the trial court's disposition of the matter was appropriate. *Jackson v. Graham*, 323 Ill. App. 3d 766, 779 (2001). This court reviews the trial court's judgment, not its reasoning, and may affirm that judgment on any grounds called for in the record. *City of Chicago v. Holland*, 206 Ill. 2d 480, 492 (2003). We review a grant of summary judgment *de novo*. *Id.* at 487.

¶ 18    Respondents initially filed a motion for summary judgment with petitioner responding in kind, inviting the trial court to decide the case as a matter of law. See *Oswald v. Hamer*, 2018 IL 122203, ¶ 9 ("When parties file cross-motions for summary judgment, they mutually agree that there are no genuine issues of material fact and that the case may be resolved as a matter of law."). Respondents at no time requested an evidentiary hearing before the court.

¶ 19    If respondents would have petitioned the trial court to hold an evidentiary hearing instead of hastily moving for summary judgment, they would have been entitled to one. See *In re Estate of Koziol*, 366 Ill. App. 3d 171, 177 (2006). Their haste eliminated that entitlement. However, the filing of cross-motions does not preclude a court from finding that a triable issue of fact exists. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28.

¶ 20    While it has been held that the filing of a motion for summary judgment in the lower court precludes a claim of error by the moving party based on genuine issues of material fact, we will nonetheless assess respondents' arguments because we have an independent duty to determine if a genuine issue of material fact exists. See *Chicago Board Options Exchange, Inc. v. International Securities Exchange, L.L.C.*, 2012 IL App (1st) 102228, ¶ 50 ("As both sides contended below that no disputed facts remain, we will not entertain [appellant's] belated claim to the contrary."); *Pielet*, 2012 IL 112064, ¶ 28 ("mere filing of cross-motions for summary judgment does not establish that there is no issue of material fact").

¶ 21    Respondents assert it was error for the court to find that the will in decedent's safe reported stolen in May 2013 was his then-current will. Respondents offer no evidence that contradicts

the assertion and evidence that decedent's will was stolen. Instead, they merely assert that the fact is contested while relying on speculation and conjecture. After reviewing the record, the only reasonable inference to draw from the decedent's statement "his will" was stolen is that decedent's current will was in the safe and was stolen. Common sense dictates that someone would not report a previous, revoked version of his or her will stolen, or even keep it in a safe. Even if he did, it seems highly unlikely that he would describe a revoked will as "his will." Additionally, there is a reasonable inference that if decedent had placed his previous wills in the safe that was burglarized, he would have followed suit and placed the October 2011 will in the safe. Allegations that genuine issues of material fact exist without evidence to support those allegations fail to create an issue of material fact. *Illinois Valley Minerals Corp.*, 70 Ill. App. 3d at 300. Respondents offer no evidence of an intent by decedent to revoke the October 2011 will, simply relying on their pleadings when faced with evidence that shows a contrary conclusion.

¶ 22    Respondents argue that the trial court was required to construe facts concerning the whereabouts of the allegedly missing will in the light most favorable to them. It is an accurate statement of law to say that the trial court was required to construe facts in the light most favorable to the nonmovant, but the trial court was not required to make unreasonable inferences or ignore reasonable ones when ruling on a motion for summary judgment. *Thede v. Kapsas*, 386 Ill. App. 3d 396, 401 (2008). Respondents also ignore the fact that both they and petitioner were moving parties. The trial court did not err in finding the will stolen from decedent's safe was the October 2011 will.

¶ 23    Next, respondents enumerate and take issue with facts the trial court found to be uncontested and undisputed, specifically that (1) decedent never revoked his will pursuant to statute, (2) decedent never executed another will before or after the theft, (3) decedent never lost his will, (4) decedent never reported the will stolen prior to the theft, and (5) the conformed copy of the will is the only evidence of the will's contents.

¶ 24    Respondents support their contentions by stating,

> "This Court's review of the record will reveal that the so-called undisputed facts are neither uncontested nor are they even supported by actual undisputed facts. Moreover, it will discover that the so-called undisputed facts are not even facts at all, but rather, inferences drawn from the absence of facts."

This vague assertion does not bring to our attention any revelations of consequence. In making this argument, respondents completely ignore the testimony of Kozak and affidavit from decedent's long-time attorney Boos. Again, while the trial court was required to view the pleadings in the light most favorable to the nonmoving party, this did not preclude the court from drawing reasonable inferences in favor of petitioner since both petitioner and respondents were "the moving parties." Further, respondents rely on speculation, opinion, and unsupported conclusions in order to raise a material issue of genuine fact. Petitioner has submitted evidence to support the conclusions he requested the court to reach; respondents did not. Respondents do not offer even a scintilla of evidence the court could use to reach alternative findings and our review of the record does not provide any. Moreover, as noted above, even if the trial court erred in making its factual findings that does not preclude us from affirming its judgment. See *Jackson*, 323 Ill. App. 3d at 779; *Holland*, 206 Ill. 2d at 492.

¶ 25    There was evidence submitted that decedent's will was stolen. Once the will was stolen, this precluded revocation by "burning, cancelling, tearing or obliterating." 755 ILCS 5/4-7

- 5 -

(West 2016). The affidavit of Boos stated that he was the long-time attorney of the decedent and maintained that role until the decedent's demise. After the October 2011 will was executed, Boos prepared no other wills for decedent revoking previous versions. Respondents provided no other wills or documents to the trial court that run contrary to the evidence provided by petitioner. There is no evidence that decedent revoked his will and probative evidence to the contrary. Petitioner submitted a conformed copy of the will to the court, along with the affidavits of the two attesting witnesses. No evidence was presented by respondents.

¶ 26 As a final attempt at creating a genuine issue of material fact, respondents argue there are questions as to the contents of the October 2011 will and the process used to execute it. In order to clarify these issues, they insist it is necessary to illicit testimony from Boos and Rollet via cross-examination.

¶ 27 Respondents' haste in litigating this matter precludes them from making this argument with any sort of seriousness. They were free to depose Boos and Rollet when faced with petitioner's cross-motion for summary judgment; they requested neither discovery nor an evidentiary hearing. Petitioner provided the evidence necessary for the will to be admitted to probate. See *In re Estate of Nicola*, 275 Ill. App. 3d 497, 499 (1995) (acknowledging if two attesting witnesses state that they were present when testator signed will or acknowledged his signature upon will, that they signed as witnesses in presence of testator, and that they believed testator to be of sound mind at time of execution, will must be admitted to probate); *In re Estate of Moos*, 414 Ill. 54, 57 (1953) (unavailable will may be admitted to probate if shown to be destroyed accidentally or fraudulently without consent of testator); 755 ILCS 5/6-4 (West 2016).

¶ 28 In light of the cross-motions for summary judgment, we find no genuine issue of material fact that would have precluded judgment as a matter of law.

¶ 29 B. Hearsay Exception

¶ 30 Respondents next argue Kozak's evidence deposition testimony regarding decedent's statements about his will were inadmissible hearsay. They also assert there is a second layer of hearsay that must be overcome because Kozak's memory was refreshed using the report he prepared after the incident. Petitioner avers that the decedent's statements to Kozak fall within an exception to the prohibition against hearsay pursuant to Illinois Rule of Evidence 803(3)(A) (eff. Apr. 26, 2012) and that Kozak's refreshed recollection constituted admissible testimony.

¶ 31 The rule against hearsay prohibits the introduction of out-of-court statements that are offered to prove the truth of the matter for which they purport to assert. *People v. Peterson*, 2017 IL 120331, ¶ 17. However, "[a] statement that is hearsay may be admissible if it satisfies an exception recognized by Illinois common law or an exception provided by statute." *In re Estate of Holmgren*, 237 Ill. App. 3d 839, 842-43 (1992). When double hearsay is sought to be admitted as substantive evidence, both layers must fall within an exception to the hearsay rule in order to be considered. *Horace Mann Insurance Co. v. Brown*, 236 Ill. App. 3d 456, 461 (1992).

¶ 32             1. *First Layer of Hearsay From Decedent to Kozak*

¶ 33      Illinois Rule of Evidence 803(3) provides,

> "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
>                                          * * *
>
> (3) Then Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including:
>
>      (A) a statement of memory or belief to prove the fact remembered or believed *unless it relates to the execution, revocation, identification, or terms of declarant's will*[.]" (Emphasis added.) Ill. R. Evid. 803(3)(A) (eff. Apr. 26, 2012).

¶ 34      When the decedent described to Kozak the items contained in the safe, he was clearly doing so for the purpose of identification. The decedent's statement evidenced he believed in that moment that his will was among the items stolen from the safe. Additionally, by identifying his will as stolen, decedent laid bare the absence of an intent to revoke the will. Therefore, while hearsay, the statements fall within a statutory exception.

¶ 35      Respondents contend that these statements being admissible under Rule 803 hinges on the assumption of one dispositive fact: that the will decedent was describing to Kozak was the October 2011 will. However, as we found above decedent was, in fact, talking about the October 2011 will. *Supra* ¶ 21. The statements from decedent to Kozak are admissible under an exception to hearsay.

¶ 36             2. *Second Layer of Hearsay,*
*Use of Police Report to Refresh Recollection*

¶ 37      Kozak, during his evidence deposition, acknowledged that he did not have an independent recollection of the incident; his memory was refreshed by a report he made the same day of the occurrence. Respondents argue (1) since a police report refreshed Kozak's recollection, his statements are inadmissible hearsay, and (2) after reading the police report Kozak had no independent recollection of the incident.

¶ 38      A witness may refer to documents to refresh his recollection prior to testifying. *People v. Cantlin*, 348 Ill. App. 3d 998, 1003 (2004). However, the witness must then testify from his independent recollection. *Id.* The extent to which the documents actually refreshed the witness's recollection goes to the weight, not the admissibility, of his testimony. *Corrales v. American Cab Co.*, 170 Ill. App. 3d 907, 911 (1988). Police reports are generally inadmissible as substantive evidence but may be used to refresh a witness's recollection so long as the report is not merely read into evidence. *Baumgartner v. Ziessow*, 169 Ill. App. 3d 647, 655-56 (1988).

¶ 39      We note that respondents did not argue this second layer of hearsay in their initial brief but instead advanced the argument in their reply brief; therefore, this contention has been waived. See *People v. English*, 2011 IL App (3d) 100764, ¶ 22 (" 'A contrary practice would permit appellants to argue questions in their reply briefs as to which counsel for appellees would have no opportunity to reply.' ").

¶ 40    Even if not waived, the use of the police report to refresh Kozak's memory alone does not make the testimony inadmissible. See *Baumgartner*, 169 Ill. App. 3d at 655. Further, Kozak reviewed the police report before the deposition and admitted that he had no independent recollection of meeting with decedent on the day of the burglary prior to reading the report. There is no indication the report was in front of Kozak during the deposition; he was not merely reading it into the record. He was testifying from his refreshed recollection, having reviewed the document prior to the deposition. Even in the absence of waiver, the testimony of Kozak as a refreshed recollection is not barred by the rules against hearsay. See *id.*

¶ 41                            C. Presumption of Revocation and Stolen Wills

¶ 42    The common theme that permeates all of respondents' arguments on appeal is that the trial court misapplied the presumption of revocation in the instant case. This misapplication thereafter lingered, tainting the trial court's findings of fact and grant of summary judgment. Respondents assert that the presumption applies in this case. Petitioner argues the presumption should not apply to stolen wills.

¶ 43    In Illinois, the revocation of a will is prescribed by statute. 755 ILCS 5/4-7(a)(1)-(4) (West 2016). A will can only be revoked

> "(1) by burning, cancelling, tearing or obliterating it by the testator himself or by some person in his presence and by his direction and consent, (2) by the execution of a later will declaring the revocation, (3) by a later will to the extent that it is inconsistent with the prior will or (4) by the execution of an instrument declaring the revocation and signed and attested in the manner prescribed by this Article for the signing and attestation of a will." *Id.*

¶ 44    In addition to the statutory methods of revocation, it has long been established, where a last will and testament, after its execution, is retained in the exclusive control of the decedent and upon his or her death cannot be found, a presumption arises that the decedent destroyed the will *animo revocandi. Taylor v. Pegram*, 151 Ill. 106, 116 (1894); *Moos*, 414 Ill. at 57; *In re Estate of Millsap*, 55 Ill. App. 3d 749, 750 (1977); *In re Estate of Babcock*, 119 Ill. App. 3d 482, 488-89 (1983). The rationale for this presumption appears to stem from the inherent ignorance a court would face concerning the testator's intent regarding the will and whether any physical acts were visited upon the will manifesting that intent. Given this ignorance, courts have found it best to presume the will was revoked and place the burden on the proponent to prove otherwise. See *Moos*, 414 Ill. at 57.

¶ 45    The cases in this vein also establish that the presumption is rebuttable by circumstances that tend to show a contrary conclusion. *In re Estate of Morgan*, 389 Ill. 484, 487 (1945). Factors to be considered in addressing the rebuttal of the presumption include evidence that shows "an attitude of mind and statements of the testator not only inconsistent with such revocation but contrary to it" (*id.* at 489), statements the decedent did not intend to revoke the will, and evidence of other individual's access to the will prior to death. *In re Estate of Strong*, 194 Ill. App. 3d 219, 226 (1990). "[I]t is not necessary that the court be able to determine what happened to a will if there is evidence that indicates it was not revoked or cancelled by the testator." *Morgan*, 389 Ill. at 487. Again, the burden is on the proponent of the will to prove that the testator did not revoke the will prior to his death. *Moos*, 414 Ill. at 57.

¶ 46                    1. *Application of Presumption of Revocation*

¶ 47    We note that the parties do not cite to any Illinois authority directly on point concerning the application of the presumption of revocation to stolen wills, and our research does not reveal any. In addressing this matter, the parties instead present to us authority from other jurisdictions that have resolved this issue. See *In re Will of Roman*, 194 A.2d 40, 42 (Hudson County Ct. 1963) (finding presumption of revocation did not apply in light of testimony proving will was stolen); *In re Estate of McCaffrey*, 309 A.2d 539, 541-42 (Pa. 1973) (finding presumption did not apply where record revealed will was stolen); *In re Estate of Simmons*, No. 01A01-9608-PB-00366, 1997 WL 718399, at *5 (Tenn. Ct. App. Nov. 19, 1997) (finding presumption of revocation applied to stolen will but was rebutted by clear and convincing evidence).

¶ 48    The trial court here found, given the circumstances, the presumption should not apply. In the alternative, even if the presumption did apply, it had been rebutted. We find that the presumption of revocation applies to all missing wills, even those claimed stolen. Trial courts should presume all missing wills as revoked, applying the presumption until such time as sufficient proof is presented evidencing the theft or the lack of intent by decedent to revoke or cancel the will. Applying the presumption where theft is alleged is an exercise in prudence. The allegation of theft alone is inadequate to insulate the proponent of a will from the presumption. Requiring the proponent to rebut the presumption of revocation by presenting sufficient evidence that the decedent, in fact, did not revoke or cancel the will or the will was stolen is in the best interest of an ordered means of probate.

¶ 49    There are two necessary predicates for the presumption to apply. First, the will must be last traced to the decedent's possession. *Morgan*, 389 Ill. at 489. Second, the will must be unable to be located after decedent's death. *Id.* Boos states in his affidavit that he left the will in the possession of the decedent. Thereafter, there is testimony by Kozak that decedent reported his will stolen. Once decedent's effective will was stolen, it could not have been last traced to his possession. Evidence that the missing will was stolen rebuts the presumption.

¶ 50                    2. *Revocation of Will by Acquiescence to Theft*

¶ 51    Respondents also argue that by failing to take action after the will was stolen, decedent essentially acquiesced to revocation of his will via theft. Petitioner argues that this proposition is a perversion of the law and finds no support in our jurisprudence.

¶ 52    As described above, revocation of a will is controlled by statute absent the presumption that arises from lost or missing wills. *Supra* ¶¶ 43-44. The essence of the statutory means of revocation include the intent of the testator to revoke the will and a physical act to manifest that intent. *In re Estate of Davies*, 5 Ill. App. 3d 15, 16 (1972); 755 ILCS 5/4-7 (West 2016). When a will is stolen, intent on behalf of the testator to revoke is absent. When the decedent reports his or her will stolen, it further evidences the lack of intent to revoke. Theft of a will does not include an affirmative act on the part of the decedent.

¶ 53    Respondents request that we find decedent's failure to act after his will was stolen tantamount to revocation. This is a departure from the text and spirit of the statutory means of revocation. See *Board of National Missions of the Presbyterian Church v. Sherry*, 372 Ill. 272, 278 (1939) ("An intention to revoke a will, unaccompanied by at least one of the acts prescribed by the statute and executed in compliance therewith, is insufficient."). The modalities of revocation are creatures of statute and are best left to modification by the

legislature. See *In re M.M.*, 156 Ill. 2d 53, 69 (1993) ("Any alteration to the statute, regardless of any perceived benefit or danger, must necessarily be sought from the legislature."). We will not create a new method outside of the means provided. As such, the decedent could not have acquiesced to the theft of his will resulting in revocation.

¶ 54 In addition, to impose a duty on the victim of a crime to execute a new will or risk revocation of the stolen will, rewards the thief at the expense of the victim. To allow thieves the ability to revoke wills while placing the burden and expense on victims to prevent the revocation fails to serve any cognizable public policy interest. According to the record, decedent had prepared at least three wills throughout his lifetime. To find that his estate must now pass intestate because the last executed version of his will was stolen is illogical.

¶ 55 Accordingly, the presumption of revocation applies to all missing wills, and petitioner rebutted the presumption by providing evidence that established decedent did not revoke his will.

¶ 56                                         III. CONCLUSION
¶ 57 For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

¶ 58 Affirmed.