# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Vente, 2012 IL App (3d) 100600**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHY VENTE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0600 |
| Order filed<br>Motion to publish allowed<br>Opinion filed | February 29, 2012<br><br>June 6, 2012<br>June 6, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for driving while controlled substances were present in her urine was reversed where the stipulated facts established that the presence of the substances was the result of defendant taking a prescribed cough medication, where the presence of morphine and codeine was consistent with the use of prescription medicine, defendant had a valid prescription, she took the prescribed dosage, the presence of the substances was not the result of "unlawful use or consumption," and there was little evidence of unsafe driving. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-DT-1781; the Hon. Raymond Bolden and the Hon. Brian E. Barrett, Judges, presiding. |
| Judgment | Reversed. |

| Counsel on Appeal | Glenn Sroka, of State Appellate Defender's Office, of Ottawa, for appellant. |
|---|---|
| | James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Justin A. Nicolosi, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion. Justices Lytton and McDade concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a bench trial, defendant, Kathy Vente, was found guilty of driving while a controlled substance was present in her urine. 625 ILCS 5/11-501(a)(6) (West 2008). The trial court sentenced her to one year of court supervision. On appeal, defendant argues that her conviction should be reversed because the stipulated facts at trial established that the presence of controlled substances in her urine was the result of taking cough medication pursuant to a valid prescription. We reverse defendant's conviction.

¶ 2                                    FACTS

¶ 3    Defendant was charged by information with three counts of driving under the influence of drugs. Count I alleged that defendant drove under the influence of codeine and/or morphine, to a degree rendering her incapable of safely driving. 625 ILCS 5/11-501(a)(4) (West 2008). Counts II and III alleged that defendant drove while there was any amount of codeine and morphine in her breath, blood, or urine, resulting from unlawful use or consumption of a controlled substance. 625 ILCS 5/11-501(a)(6) (West 2008). Defendant also received traffic citations for improper lane usage and making an improper turn.

¶ 4    The cause proceeded to a bench trial, where Officer Theresa Cancialosi testified that she pulled defendant over after she observed improper lane usage and an improper turn. When Cancialosi approached defendant's vehicle, she noticed a prescription bottle of generic codeine on the passenger seat. Defendant said she had been taking multiple medications because she was sick, but denied drinking anything. Following field sobriety tests, Cancialosi arrested defendant for driving under the influence.

¶ 5    Following her arrest, defendant consented to a urinalysis. The parties stipulated that defendant's urine contained codeine, morphine, and promethazine and that the presence of those substances was consistent with the use of the prescription medicine found in the passenger seat of her vehicle.

¶ 6    Defendant testified that on the day of her arrest, she was in poor health and had been

suffering from bronchitis. As a result, defendant took the recommended dose of prescription cough medicine that her doctor prescribed for her. Defendant testified that the cough medicine did not impair her ability to drive her vehicle safely.

¶ 7 The trial court found defendant not guilty of count I and the traffic offenses, but guilty of counts II and III.

¶ 8 Defendant's motion to reconsider was denied. The trial court sentenced defendant to one year of supervision. Defendant appeals.

¶ 9 ANALYSIS

¶ 10 On appeal, defendant argues that her conviction should be reversed because the stipulated facts at trial established that the presence of controlled substances in her urine was the result of taking prescription cough medicine. The State confesses error.

¶ 11 Section 11-501(a)(6) of the Illinois Vehicle Code states that a person shall not drive or be in actual physical control of any vehicle while there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the "unlawful use or consumption" of a controlled substance. 625 ILCS 5/11-501(a)(6) (West 2008). This section does not require proof of a driver's impairment, but instead only requires that a driver unlawfully use or consume any amount of a controlled substance. See 625 ILCS 5/11-501(a)(6) (West 2008); *People v. Martin*, 2011 IL 109102.

¶ 12 Section 11-501(b) states that even if a person is legally entitled to use drugs, it shall not be a defense to a charge of driving under the influence of drugs. 625 ILCS 5/11-501(b) (West 2008). However, section 11-501(b) does not bar a driver from lawfully using prescription medications, as long as such use does not render her incapable of driving safely. *People v. Rodriguez*, 398 Ill. App. 3d 436 (2009).

¶ 13 In the instant case, the evidence at trial established that defendant had morphine and codeine in her urine sample and that the presence of both these drugs was consistent with the use of prescription cough medicine. The evidence further established that defendant had a valid prescription for the cough medicine and that she had taken the medication in accordance with the prescribed dosage. Therefore, the presence of controlled substances in defendant's urine was not the result of "unlawful use or consumption." 625 ILCS 5/11-501(a)(6) (West 2008); see *Rodriguez*, 398 Ill. App. 3d 436. In addition, the record contains little evidence of unsafe driving, and the State concedes that section 11-501(b) does not apply to a violation of section 11-501(a)(6). As such, defendant's conviction must be reversed.

¶ 14 CONCLUSION

¶ 15 For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

¶ 16 Reversed.