THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAWRENCE BITTERMAN, Defendant-Appellant.
First District (2nd Division)   No. 85—1402

Opinion filed April 22, 1986.

Myles Berman, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry,
Kenneth T. McCurry, and Jonathan S. Solovy, Assistant State's Attorneys,
of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Defendant-appellant, Lawrence Bitterman, was convicted fol-
lowing a bench trial of the offenses of speeding, improper lane usage
and driving under the combined influence of alcohol and drugs. He
received sentences of three months' supervision on the former two
offenses, and one-year supervision on the latter conviction. Defend-
ant has appealed from the latter judgment and sentence.

Defendant has raised only one issue in this forum. Specifically, defendant complains that his conviction cannot stand in the absence of expert or lay testimony or opinion that he was under the influence of drugs at the time of his arrest. He relies principally on this court's decision in *People v. Jacquith* (1984), 129 Ill. App. 3d 107, 472 N.E.2d 107, wherein a conviction for the same offense was overturned based on just such an absence. The State disputes defendant's claim as to the adequacy of the proof, and alternatively argues that if there was insufficient proof of drug intoxication, defendant might still be convicted of the allegedly included offense of driving under the influence of alcohol alone.

The facts adduced at trial show that on December 21, 1984, at 3 a.m., Wilmette police officer Kasppar observed defendant speeding. When the officer followed the defendant's car, he noted that defendant twice swerved over double yellow lines. As a result, the officer pulled defendant over. When defendant exited his car, he staggered and needed to lean on his car to maintain his balance. Kasppar noticed a strong odor of alcohol on defendant's breath, and also observed that defendant's eyes were bloodshot and glassy. After defendant failed several field sobriety tests and admitted that he had been drinking at a party prior to the traffic stop, Kasppar placed defendant under arrest for driving under the influence of alcohol, and took defendant to the police station.

At the station, defendant submitted to a breathalyzer test, the result of which was a blood alcohol reading of .14%. Defendant stipulated to these results at trial. After being advised of his *Miranda* rights (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602), defendant agreed to an interview. He again admitted to Kasppar that he had been drinking. Kasppar asked defendant "if he had anything in his possession that he might regret." Defendant then produced an envelope of a green leafy material that he identified as marijuana. Kasppar asked defendant if he had been smoking or under the influence of marijuana at that time, and defendant responded affirmatively. Defendant was then cited for possession of cannabis (although this charge was dropped at trial). At trial, Kasppar was permitted to state that defendant was under the influence of alcohol at the time of his arrest, but was not allowed to offer a similar opinion as to drug intoxication.

Defendant took the stand on his own behalf. He was unable to recall Kasppar either asking him about marijuana usage, or telling Kasppar that he had been smoking. Defendant denied at trial that he had been smoking. He did, however, admit giving Kasppar a packet

of "some substance," but claimed to be unaware of its contents.

As noted, the trial court found defendant guilty of speeding, improper lane usage and driving under the combined influence of drugs and alcohol.

■ Defendant's contention is that the State failed to prove him guilty of the intoxication offense beyond a reasonable doubt, specifically challenging the evidence of drug usage. The Illinois Vehicle Code provides, in relevant part:

> "Sec. 11—501. Driving while under the influence of alcohol, other drug, or combination thereof.
>
> (a) A person shall not drive or be in actual physical control of any vehicle within this State while:
>
> * * *
>
> 4. Under the combined influence of alcohol and any other drug or drugs to a degree which renders such person incapable of safely driving." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(4).)

In *People v. Jacquith* (1984), 129 Ill. App. 3d 107, 112-13, 472 N.E.2d 107, we held that in order to meet its burden on such a charge, the State is obligated to prove that the accused was under the effect of *both* alcohol and a drug or drugs at the time in question. The influence of a drug or drugs is an essential element of the charge. (See *People v. Utt* (1983), 122 Ill. App. 3d 272, 461 N.E.2d 463 (the failure of a charging instrument to specify whether the accused was under the influence of alcohol, drugs or both was fatal to the sufficiency of the instrument, as there is no generic "driving under the influence" offense).) Defendant's argument herein must therefore rise or fall based on the allegation that there was not enough evidence of drug intoxication.

In *Jacquith*, this court noted the paucity of authority in Illinois concerning proof of drug intoxication. As a result, we resorted to case law from Texas and California in ascertaining what kind and quantum of proof would suffice to meet the State's burden. (*People v. Jacquith* (1985), 129 Ill. App. 3d 107, 114-15, 472 N.E.2d 107.) The only evidence of drug intoxication adduced at trial in *Jacquith* was that of the arresting officers, who opined that the accused was under the influence of a drug or drugs when arrested. Agreeing with the California and Texas decisions, we concluded that the testimony of a police officer that the accused was under the influence of drugs would be sufficient, provided that the officer had the relevant skills, experience or training to render such an opinion. In other words, the officer had to be qualified by the court as an expert in order to

reach such a conclusion. In *Jacquith*, the officers were not so qualified, and as a result we reversed the conviction for the combined-influence offense. *People v. Jacquith* (1985), 129 Ill. App. 3d 107, 114-15, 472 N.E.2d 107.

There is nothing in the *Jacquith* opinion, however, which would indicate that opinion testimony by the arresting officer is the sole source of proof of drug intoxication or a necessary prerequisite to a conviction. Defendant's argument reads into that decision a burden that was neither intended nor could rationally be imposed upon the State.

As a matter of logic, it seems almost axiomatic that other forms of evidence would be adequate to meet the State's burden of proof, and indeed would be preferable. The opinion of a qualified police officer that an individual was under the influence of a drug or drugs is by its nature circumstantial evidence, since it depends on that officer's drawing an inference of drug intoxication from the facts he observed personally. (See *People v. Rhodes* (1981), 85 Ill. 2d 241, 248-49, 422 N.E.2d 605 (defining circumstantial evidence).) Here, had Kasppar been trained on the observable effects of drugs on humans, he would have been entitled to offer his opinion regarding defendant's drug intoxication. That opinion, however, would only be circumstantial evidence. If there were direct evidence contradicting that opinion (*e.g.*, the results of a blood test for the presence of drugs), then the trier of fact would be entitled to assign the opinion little or no weight. (See *People v. Williams* (1980), 87 Ill. App. 3d 860, 409 N.E.2d 439 (trial court may reject expert opinion on question of fitness if inconsistent with facts proved, even in absence of contrary expert opinion); *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.* (1973), 12 Ill. App. 3d 165, 298 N.E.2d 289.) We note parenthetically that in *Jacquith*, defendant sought to introduce toxicologic drug tests he submitted to after his release by the police the day of the offense, but was barred by the trial court. Defendant asserted that the ruling was error on appeal, but we did not reach the issue in light of our disposition of other issues.

■■ ■ Here, there was direct evidence concerning defendant's drug usage: his own admission. It is well established that an admission by the accused constitutes direct evidence of guilt. (*People v. Lippert* (1984), 125 Ill. App. 3d 489, 503, 466 N.E.2d 276 ("Admissions by a defendant, even if intended to be exculpatory, are direct evidence which may sustain a conviction").) Here, in addition to defendant's admission that he had been smoking, and was under the influence of marijuana, the State adduced evidence that he had mari-

juana on his person (which he did not deny at trial). Moreover, when he exited his car, defendant was staggering and needed support, he had a blood alcohol level of .14%, and he was admittedly at a party where he received the marijuana later found on his person. In the face of this evidence, the opinion of a qualified police officer that defendant was under the influence of a drug or drugs was unnecessary; it would be mere surplusage in light of the other evidence. We must reject defendant's interpretation of *Jacquith* as requiring such proof.

In deciding the case, the trial court accepted Kasppar's testimony that defendant acknowledged smoking marijuana, and rejected defendant's denial. "In a bench trial, the credibility of witnesses and the weight to be afforded their testimony is determined by the trial court, whose judgment will not be set aside unless the proof is so unsatisfactory as to create a reasonable doubt of guilt." (*People v. Son* (1982), 111 Ill. App. 3d 273, 281, 443 N.E.2d 1115). We will not disturb the trial court's decision herein, particularly in light of defendant's rather curious explanation of his marijuana possession: someone gave it to him at the party, but he did not know what it was. (Anomalously, though, defendant knew enough to turn it over to the officer when asked if he had anything with him he might regret.) The trial court's judgment was not so unsatisfactory as to raise a reasonable doubt as to guilt, and it cannot be set aside.

In light of our disposition of this issue, we need not address the State's alternative argument.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

BILANDIC, P.J., and STAMOS, J., concur.