THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROSBEL BRISENO, Defendant-Appellant.

First District (6th Division)   No. 1—02—1995

Opinion filed September 26, 2003.

Michael J. Pelletier and Laila M. Velkme, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial, defendant Rosbel Briseno was convicted of driving under the influence (DUI) of cannabis in violation of section 11—501(a)(6) of the Illinois Vehicle Code. 625 ILCS 5/11—501(a)(6) (West 2000). He was sentenced to two years of court supervision and a $200 fine. On appeal defendant contends as follows: (1) the trial court erred in denying defendant's motion to suppress his statement; (2) section 11—501(a)(6) is unconstitutionally vague; and (3) the State failed to prove defendant guilty beyond a reasonable doubt. For the reasons that follow, we affirm.

## BACKGROUND

At trial, Chicago police officer Randolph Stevens was the only wit-

ness to testify. Defendant was stopped at a DUI roadblock on Stoney Island Avenue, on October 7, 2000, at approximately 12:30 a.m. Officer Stevens testified that he observed defendant driving a minivan. Officer Flores ordered defendant to exit his vehicle and he was escorted by a policeman to the investigation area about 10 feet away. Officer Stevens testified that defendant's vehicle and breath smelled of cannabis.

Officer Stevens asked defendant if he had smoked marijuana that evening. Defendant told the officer that he smoked marijuana in his vehicle, just before driving it. Officer Stevens asked defendant to perform field sobriety tests. Defendant had some trouble performing the tests, swaying moderately back and forth and extending his arms for balance. Officer Stevens testified that defendant had the odor of cannabis on his breath and in his vehicle, his eyes were dilated, his speech was slurred, and his motor skills were slower than average. Based on these factors and defendant's admission, Officer Stevens arrested defendant and took him to the police station.

Defendant moved to suppress his admission because he had not been advised of his *Miranda* rights at the time he made the admission. The motion to suppress was heard in conjunction with the trial. The trial court denied the motion to suppress the statement. Defendant was found guilty of driving under the influence of cannabis. The trial court denied defendant's motion for a new trial and sentenced defendant to two years of court supervision and a $200 fine. This appeal follows.

## MOTION TO SUPPRESS STATEMENT

Defendant argues the court erred by not suppressing his statement because he made an incriminating admission to the police resulting from custodial interrogation without the benefit of *Miranda* warnings. Defendant contends that the failure to "Mirandize" before the custodial interrogation violated his fifth amendment right under the United States Constitution not to be compelled to incriminate himself. The State argues that defendant was not in custody at the time of his admission and, therefore, *Miranda* warnings were not required and no fifth amendment violation occurred.

■ The denial of a motion to suppress statements is reversed only if that ruling is manifestly erroneous. *People v. Nielsen*, 187 Ill. 2d 271 (1999). However, a *de novo* review of a trial court's ruling should be conducted when neither the facts nor the credibility of the witnesses is challenged. *Nielsen*, 187 Ill. 2d at 286. In the instant case, defendant does not challenge witness credibility and has indicated in his brief that "this issue involves the application of the law to undisputed facts,

and the standard of review is *de novo*." We review the trial court's denial of defendant's motion to suppress statements *de novo*.

■ The fifth amendment provides: "No person *** shall be compelled in any criminal case to be a witness against himself ***." U.S. Const., amend. V. In *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), the court addressed how the fifth amendment privilege against compelled self-incrimination could be protected in the context of custodial interrogation. *Miranda* warnings are unnecessary unless the person is both in custody and being interrogated by the police. *Miranda*, 384 U.S. at 444, 16 L. Ed. 2d at 706, 86 S. Ct. at 1612. The Court in *Miranda* held:

> "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of [a] defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda*, 384 U.S. at 444, 16 L. Ed. 2d at 706-07, 86 S. Ct. at 1612.

■ Custodial interrogation occurs when questioning is initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of freedom of action in a significant way. *Berkemer v. McCarty*, 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138 (1984). We find the *Berkemer* case instructive. In *Berkemer*, a highway patrol officer watched a driver weave in and out of traffic. The officer stopped the driver and asked the driver to get out of the vehicle. The officer noticed the driver was having difficulty standing. The driver could not perform a field sobriety test, commonly known as a "balancing test" without falling. The officer asked the driver if he had been using intoxicants, and the driver admitted to drinking two beers and smoking marijuana before driving. The driver was then arrested for the misdemeanor of operating a motor vehicle while under the influence of alcohol and/or drugs. He was taken to the county jail, where he made additional incriminating statements. At no time was the driver advised of his *Miranda* rights. *Berkemer*, 468 U.S. at 423, 82 L. Ed. 2d at 324, 104 S. Ct. at 3141.

The Supreme Court held that "a person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in *Miranda*, regardless of the nature or severity of the offense." *Berkemer*, 468 U.S. at 434, 82 L. Ed. 2d at 331, 104 S. Ct. at 3147. Accordingly, the Court found that all statements made by the driver after he was arrested and taken to the county jail were inadmissible at trial because he was not given *Miranda* warnings.

As to the statements made by the driver before his arrest, the Court found the statements admissible. The *Berkemer* Court recognized that the statements made before the driver's formal arrest raised the question of "whether the roadside questioning of a motorist detained pursuant to a routine traffic stop should be considered 'custodial interrogation.' " *Berkemer*, 468 U.S. at 435, 82 L. Ed. 2d at 331, 104 S. Ct. at 3147-48. The Supreme Court in *Berkemer* found that although the driver was not able to leave the scene, he was not in custody for purposes of *Miranda*. *Berkemer*, 468 U.S. at 440-42, 82 L. Ed. 2d at 334-36, 104 S. Ct. at 3150-52. Noting the fact that traffic stops were usually brief and in public, the Court found that such stops did not significantly prevent an individual from exercising his privilege against self-incrimination. *Berkemer*, 468 U.S. at 437-39, 82 L. Ed. 2d at 333-34, 104 S. Ct. at 3149-50. *Berkemer* held that a motorist detained as the result of a roadside stop could be questioned without being given *Miranda* warnings, provided the stop was brief and public. *Berkemer*, 468 U.S. at 437-40, 82 L. Ed. 2d at 333-35, 104 S. Ct. at 3149-50.

In so holding, the Court reasoned that the typical traffic stop is more analogous to a *Terry* stop (*Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)) than to the kind of custodial interrogation addressed in *Miranda*. The *Berkemer* Court noted that various features of the traffic stop distinguish it from custodial interrogation, including the fact that the typical traffic stop is relatively brief, it is exposed to public view, and the detained motorist is typically confronted by one or two officers. *Berkemer*, 468 U.S. at 438-39, 82 L. Ed. 2d at 334, 104 S. Ct. at 3149-50. The noncoercive nature of ordinary traffic stops supports the conclusion that persons temporarily detained as the result of a traffic stop are not "in custody" for purposes of *Miranda*. *Berkemer*, 468 U.S. at 440, 82 L. Ed. 2d at 334-35, 104 S. Ct. at 3150.

■ Similar to *Berkemer*, in the instant case, defendant was detained as the result of a roadside stop that was brief and public. Defendant was one of many cars stopped as part of a routine roadblock. The roadblock took place on a major thoroughfare, Stoney Island Avenue, shortly after midnight on a Saturday. Only two officers, Stevens and Flores, were in defendant's immediate presence.

Defendant was stopped, exited his vehicle, and was escorted less than 10 feet away from his vehicle when Officer Stevens asked defendant if he had smoked marijuana that evening. At that point, defendant admitted to Officer Stevens that he had smoked marijuana in his vehicle just before driving it.

We reject defendant's argument that he was in custody at the point when he admitted to smoking cannabis because the routine stop was transformed into a "lengthy police investigation." A traffic stop, although restraining the driver's freedom of action, does not sufficiently impair the driver's exercise of the privilege against self-incrimination so as to require that the driver be warned of his *Miranda* rights. *Berkemer*, 468 U.S. at 440-42, 82 L. Ed. 2d at 334-36, 104 S. Ct. at 3150-52. The brief and public nature of a traffic stop mitigates the danger of self-incrimination which is present during custodial interrogation. *Berkemer*, 468 U.S. at 437-39, 82 L. Ed. 2d at 333-34, 104 S. Ct. at 3149-50. We conclude that at the point in time when defendant made the incriminating admission his freedom of action was temporarily restrained. However, defendant was not in custody for the purpose of *Miranda* warnings, due to the brief and public nature of the stop. *Miranda* warnings were not required because defendant's statement was not the result of custodial interrogation. For the reasons previously discussed, we affirm the trial court's ruling admitting defendant's statement into evidence.

## SECTION 11—501(a)(6) IS NOT UNCONSTITUTIONALLY VAGUE

Defendant contends that section 11—501(a)(6) of the Illinois Vehicle Code (625 ILCS 5/11—501(a)(6) (West 2000)) is unconstitutionally vague because it fails to provide the police with the required minimal guidelines for its enforcement, thereby failing to protect the public from potential "whims and caprice of officials." See *People v. Belcastro*, 356 Ill. 144, 147 (1934). Defendant relies on *Belcastro* in support of the argument stated in his brief that "[a] statute will be void if it deprives citizens of their liberty without due process of law and if it clothes administrative officers with arbitrary and discriminatory powers." *Belcastro*, 356 Ill. at 150.

Section 11—501(a)(6) states in pertinent part as follows:

"A person shall not drive or be in actual physical control of any vehicle within this State while:

\* \* \*

(6) there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis \*\*\*." 625 ILCS 5/11—501(a)(6) (West 2000).

Defendant contends that "the statute is impermissibly vague because the statute does not require any definite standards or require specific proof of cannabis in the system so as to avoid arbitrary enforcement and application." Additionally, defendant challenges the statute because it does not require any proof of impaired driving ability. In the context of this case, there was testimony that Officer Stevens detected the odor of cannabis on defendant's breath and in his vehicle. Defendant argues as follows:

"[I]n the absence of any other circumstances or evidence showing the consumption of marijuana, the officer's statement only reveals a suspicion that drugs were consumed. Because the statute does not require any corroboration and a conviction can rest solely on the officer's testimony that he smelled cannabis on a suspect's breath, the statute is impermissibly vague and thus violates due process."

■ The flaw in defendant's argument is the failure to recognize that the finding of guilt in the instant case is not based "solely on the officer's testimony that he smelled cannabis on a suspect's breath." Rather, defendant was found guilty of driving under the influence of cannabis based on several additional factors including: (1) defendant's operation of a motor vehicle; (2) the officer's testimony that he smelled a strong odor of cannabis in defendant's vehicle; (3) the officer's testimony that he smelled the odor of cannabis on defendant's breath; (4) defendant's admission that he smoked cannabis in his vehicle just before driving his vehicle; (5) defendant's slurred speech; (6) defendant's dilated pupils; (7) defendant's motor skills being slower than average; and (8) defendant's performance on the field sobriety tests.

Moreover, Officer Stevens, during the previous $3^{1}/_{2}$ years, had extensive experience and training in drug detection. He took regular training and classes regarding cannabis detection at the Police Academy and outside the Academy. He also trained recruits regarding cannabis detection. Officer Stevens made several dozen arrests of people driving under the influence of cannabis and testified in a couple dozen cases involving persons driving under the influence of cannabis. Based on his experience and training, the trial court found Officer Stevens to be an expert in determining whether a person was under the influence of cannabis. It was the officer's opinion that defendant was under the influence of cannabis. For the reasons previously discussed, in the factual context of the instant case, the statute is not impermissibly vague. Defendant was not found guilty based on whim or caprice but, rather, based on evidence that proved defendant guilty beyond a reasonable doubt of driving under the influence of cannabis.

## SUFFICIENCY OF THE EVIDENCE

■ Defendant contends the State failed to prove beyond a reasonable doubt that he was driving under the influence of cannabis. The standard of review is whether the evidence, considered in the light most favorable to the State, is such that any rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).

■ Defendant argues that the evidence of cannabis intoxication, including his statement, observations made by Officer Stevens, and defendant's field test performance, were insufficient to prove him guilty beyond a reasonable doubt. For the reasons previously discussed, we find that the trial court properly considered defendant's statement and Officer Stevens' testimony that he smelled cannabis on defendant's breath.

Regarding the field sobriety tests, defendant argues that because he was overweight he suffered from a disability that discredits the observations made by Officer Stevens. Defendant claims it was error for the trial court to consider his performance on the walk and turn test and the one-legged stand test. Defendant claims that his weight prevented him from properly completing both tests and that, therefore, the results are invalid and his conviction should be reversed. Defendant did not testify that his weight prevented him from properly completing both tests. In fact, defendant chose not to testify in this case. In support of the argument that his weight prevented him from properly performing both tests, defendant in his brief relies on the arrest report, which indicates that defendant was 5 feet 6 inches and weighed 250 pounds. Arrest reports are generally inadmissible as evidence. *People v. Wilson*, 123 Ill. App. 3d 798 (1984). While defense counsel attempted to impeach Officer Stevens from his arrest report regarding his testimony that he smelled cannabis on defendant's breath, no attempt was made to admit the arrest report in evidence or to use the arrest report for purposes of establishing defendant's height and weight. Furthermore, during trial no testimony or stipulation was ever admitted regarding defendant's height and weight.

We note that defendant did not move to suppress the evidence of his performance on the field sobriety tests. This issue was not raised at trial or in the posttrial motion for a new trial. In order to preserve this issue for appellate review, both a trial objection and a posttrial motion preserving the issue are required. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant asks this court to review his claim under the plain error rule, by which a court can review a forfeited issue where the evidence is closely balanced or the error is so fundamental

and of such magnitude as to affect a substantial right of the defendant. 134 Ill. 2d R. 615(a). In the instant case, we find the evidence is not closely balanced and the alleged error is not so great or so fundamental as to affect a substantial right of the defendant. The record reflects the absence of plain error. In the absence of plain error, defendant has waived the right to appeal the admissibility of his performance on the field sobriety tests. See *People v. Hampton*, 149 Ill. 2d 71 (1992) (plain error only applies if the alleged error is obvious, affects the substantial rights of the accused, and if uncorrected will damage the integrity of the judicial system).

However, waiver aside, we address defendant's argument that it was error for the court to consider the results of the field sobriety tests. We note that defendant has raised the issue of the field sobriety tests in connection with his challenge to the sufficiency of the evidence. A challenge to the sufficiency of the evidence is not subject to the waiver rule and may be raised for the first time on direct appeal. *People v. Enoch*, 122 Ill. 2d 176, 190 (1988).

Defendant, relying on a life-insurance desirable weight calculation table, contends that the maximum weight for a man who is 5 feet 6 inches is 176 pounds. See Bay Planning, Inc., Life Insurance Rate Classification Guidelines, *at* http://www.insurancebook.com/life-insurance-rate-class.htm (last visited Sept. 17, 2003). As noted by both the State and defense in their briefs, the National Highway Traffic Safety Administration has recognized that people who are more than 50 pounds overweight may have difficulty balancing even when sober, and thus have problems physically completing the walk and turn test and the one-legged stand test. Nat'l Highway Traffic Safety Admin., U.S. Dep't of Transp., Improved Sobriety Testing, No. DOT-HS-806-512, at 4-109 (1984).

We are mindful that "evidence of a disability which rationally discredits an officer's observations of apparent intoxication can raise a reasonable doubt." *People v. Winfield*, 15 Ill. App. 3d 688, 690 (1973). However, in the factual context of this case, defendant's physical condition in no way undermines the observations made by Officer Stevens that defendant's speech was slurred, his pupils were dilated, and his motor skills were slower than average. Moreover, Officer Stevens detected the odor of cannabis in defendant's vehicle and on his breath, and defendant admitted that he had smoked marijuana in his vehicle just before driving. Without taking into consideration the results of the field sobriety tests, based on a thorough review of the record, we conclude the evidence is sufficient to prove defendant guilty beyond a reasonable doubt of driving under the influence of cannabis.

## CONCLUSION

The statement made by defendant in which he admitted smoking marijuana in his vehicle just before driving his vehicle was not the result of custodial interrogation and, therefore, *Miranda* warnings were not required as a prerequisite for admitting the statement into evidence. We affirm the trial court's denial of defendant's motion to suppress statements. Section 11—501(a)(6) of the Illinois Vehicle Code is not unconstitutionally vague. The record reflects sufficient evidence to prove defendant guilty beyond a reasonable doubt of driving under the influence of cannabis.

For the reasons previously discussed, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER and SMITH, JJ., concur.